UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CARLOS CASTELLANO;**  
**MARLENE CASTELLANO DELGADO;**  
**And RENE RODRIGUEZ,**  
**individually and on behalf of**  
**all others similarly situated**

**CIVIL ACTION**

NO. _____

**VERSUS**

**John W. Adams, III, CEO/PRESIDENT**  
**ENTERPRISE RESTORATION SERVICES, L.L.C.**

## FLSA COLLECTIVE ACTION COMPLAINT

1. This is a collective action brought by Carlos Castellano, Marlene Castellano Delgado and Rene Rodriguez (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, seeking unpaid overtime compensation and other relief allowed by law from John W. Adams, III, ("Adams") and Enterprise Restoration Services, L.L.C., ("Enterprise Restoration"), collectively herein as "Defendants."
2. Defendant employs individuals for various types of restoration work and pays those individuals on an hourly basis. Plaintiffs and all others similarly situated work or worked for Defendants as manual laborers and have routinely worked more than 40 hours per workweek without being paid an overtime rate of one and one-half times their regular hourly rate of pay for hours worked in excess of 40 hours per workweek.
3. Plaintiffs bring this action as an opt-in collective action on behalf of themselves and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"). Plaintiffs' claims are asserted as a collective action under 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action is brought under the FLSA.
5. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(1) because one or more Defendants reside in this district and all Defendants are residents of the State of Louisiana, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## PARTIES

6. Plaintiffs are adult residents of the New Orleans area. Plaintiffs have worked for Defendants as manual laborers on various restoration projects both inside and outside of the state of Louisiana. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals (the "FLSA Collective") pursuant to 29 U.S.C. § 216(b).
7. Plaintiffs and the FLSA Collective are current and former employees of Defendants within the meaning of the FLSA within three years before the filing of this Complaint.
8. Enterprise Restoration Services, L.L.C., is a Louisiana limited liability company with its principal place of business in Mandeville, Louisiana.
9. John W. Adams, III is an adult resident of New Orleans, Louisiana, and CEO and President of Enterprise Restoration Services, L.L.C. John W. Adams, III also holds other formal and informal leadership roles, titles, and/or ownership interests in Enterprise Restoration. According to Enterprise Restoration's website, the company's "owners actively participate in the day-to-day activities."[1] Upon information and belief, John W. Adams, III devised the plan to underpay Plaintiffs and the FLSA collective for their overtime work.

## FLSA COVERAGE

10. At all times relevant to this action, Defendants have been an enterprise as defined by the FLSA.
11. At all times relevant to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA.
12. At all times relevant to this action, Defendants have been an enterprise with employees engaged in commerce or in the production of goods for commerce, and/or with employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.
13. At all times relevant to this action, Defendants have been an enterprise whose annual gross volume of sales made, or business done is not less than $500,000.00
14. At all times relevant to this action, Defendants were employers as defined by the FLSA.

## FACTS

15. Enterprise Restoration provides a variety of services to its clients in the state of Louisiana and nationwide. Enterprise Restoration utilizes manual laborers to provide these services.
16. At all times relevant to this action, Enterprise Restoration employed Plaintiffs and other employees to work at an hourly rate as restoration workers. Plaintiffs and the other manual

---

[1] About Us, Enterprise Restoration Services, LLC., https://www.weareenterprise.com/about-us/

laborers performed most or all their work for Enterprise Restoration out of Enterprise Restoration's Covington offices, which fall within the Eastern District of Louisiana.

17. John W. Adams, III was also an employer, for FLSA purposes, of Plaintiffs and the other manual laborers. John W. Adams, III at all times relevant to this action owned and operated Enterprise Restoration and exercised control over the day-to-day operations and finances of Enterprise Restoration. Specifically, as to Plaintiffs and the other manual laborers, John W. Adams, III (1) held the power to hire and fire; (2) managed and controlled work schedules and employment conditions; (3) determined rates and methods of payment; and (4) maintained employment records.
18. Although Plaintiffs were non-exempt employees under the FLSA and routinely worked in excess of 40 hours per week, Defendants did not pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek.
19. Defendants have also willfully and improperly applied the same unlawful pay practice to many other non-exempt employees. Plaintiffs are aware of scores of other current and former non-exempt employees of Defendants who also worked overtime hours for Defendants without receiving overtime pay.
20. Any records concerning the number of hours worked by and amounts paid to Plaintiffs and the other manual laborers are in the possession and custody of Defendants.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all others employed by Defendants as manual laborers paid by the hour within three years prior to the filing of this Complaint who, like Plaintiffs, have not been compensated at one and one-half their regular rate of pay for all hours worked in excess of 40 in a single workweek.
22. Plaintiffs have consented in writing to be a part of this action. Plaintiffs' signed consent forms are attached hereto as Exhibit A.
23. Plaintiffs are aware that this practice has not been limited to payment of their wages, but it a practice within the operations of Defendants' business.
24. Defendants classify and pay all of their manual laborers in the manner described herein. As such, Defendants maintained a common pay practice or policy and the FLSA Collective are similarly situated to Plaintiffs.
25. Defendants' manual laborers all perform similar job functions and duties although one employee might have more tenure, experience, or require less supervision than another employee in the same or similar position. As such, the FLSA Collective are similarly situated to Plaintiffs.
26. Although the exact amount of damages may vary, damages for each individual can be calculated using the same method and formula.

27. Defendants possess the names and contact information of the FLSA Collective in their records.
28. The FLSA Collective should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiffs, these similarly situated employees are entitled to recover their unpaid overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:
All individuals who were employed by Enterprise Restoration, L.L.C. and/or John W. Adams, III, as manual laborers and paid by the hour during any workweek from within three (3) years of the filing of this action, through the time notice of this action is provided.
29. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint in ways including, but not limited to, failing to pay their employees overtime compensation. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

## COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

30. Plaintiffs incorporate by reference the allegations contained in all of the above paragraphs as if fully set forth herein.
31. The FLSA applies to Defendants' employment of Plaintiffs and the FLSA Collective.
32. The FLSA mandates that employees are entitled to overtime premium pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per workweek.
33. Defendants have willfully refused to pay overtime to Plaintiffs and the FLSA Collective for hours worked in excess of 40 hours per workweek.
34. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.
35. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the FLSA. Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective, pray for judgment against Defendants as follows:

A. Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B.     A finding that Plaintiffs and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C.     A finding that Defendants violated the overtime provisions of the FLSA;

D.     A finding that Defendants' violations of the FLSA were willful;

E.     Judgment against Defendants in the amount of Plaintiffs' and the FLSA Collective's unpaid overtime wages at the applicable rates;

F.     An award of all damages, liquidated damages, pre-judgment interest and/or post-judgment interest;

G.     An award of attorneys' fees and costs incurred in prosecuting this action;

H.     Leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I.     Leave to amend to add state law claims; and

J.     For such other and further relief, in law or equity, as this court may deem appropriate and just.

Respectfully submitted:

BURGOS & ASSOCIATES, L.L.C.

    */s/ Gabriel O. Mondino*
Cesar R. Burgos (# 24328)
Robert J. Daigre (#23016)
Gabriel O Mondino (#31514)
George McGregor (#33977)
3535 Canal Street, Suite 200
New Orleans, Louisiana 70119-6135
Telephone: (504) 488-3722
Facsimile: (504) 482-8525
Attorneys for Plaintiffs and the Putative FLSA Collective Class