UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARLOS CASTELLANO, MARLENE CASTELLANO DELGADO, and RENE RODRIGUEZ individually and on behalf of all others similarly situated** | **CIVIL ACTION**<br><br>**NO: 19-10424**<br><br>**SECTION: T** |
| **VERSUS** | |
| **JOHN W. ADAMS, III, CEO/PRESIDENT ENTERPRISE RESTORATION SERVICES, L.L.C** | |

## ORDER

Before the Court is a Motion to Reopen and Vacate Judgment of the Court[1] filed by Carlos Castellano, Marlene Castellano Delgado, and Rene Rodriguez individually and on behalf of all others similarly situated ("Plaintiffs"). For the following reasons, the Motion to Reopen and Vacate Judgment of the Court[2] is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 15, 2019, Plaintiffs filed this suit against John W. Adams, III ("Adams") and Enterprise Restoration Services, L.L.C. ("Enterprise Restoration").[3] On August 30, 2019, the Court issued an order requiring Plaintiffs to file proof of service or show good cause why service of process had not been effectuated on or before September 27, 2019.[4] On September 30, 2019, the Court dismissed Plaintiffs' complaint without prejudice for failing to comply with the Court's August 30, 2019 order.[5] Plaintiffs now request the Court to reopen the case and vacate the September 30, 2019 judgment dismissing the Plaintiffs' complaint.

---

[1] R. Doc. 9.
[2] R. Doc. 9.
[3] R. Doc. 1.
[4] R. Doc. 6.
[5] R. Doc. 7.

1

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 4(e) provides that service on an individual may be made by following state law for serving a summons, delivering a copy of the summons and of the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service. Rule 4(h) provides that service on a domestic or foreign corporation, or a partnership or other unincorporated association may be made by following state law for serving a summons, or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and by mailing a copy of each defendant.

The exhibits attached to Plaintiffs' motion fails to establish that Adams and Enterprise Restoration were properly served in accordance with Federal Rule of Civil Procedure 4. The Court, therefore, finds that Plaintiffs have not established grounds justifying relief from the Court's order under Federal Rule of Civil Procedure 60(b).

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Motion to Reopen and Vacate Judgment of the Court[6] is **DENIED.**

**New Orleans, Louisiana**, on this 29th day of January, 2020.



               **GREG GERARD GUIDRY**
              **UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. 9.